UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHA V. CONERLY, Plaintiff | CIVIL ACTION NO. 1:18-CV-427-P |
| VERSUS | JUDGE DEE D. DRELL |
| W. S. McCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Josha V. Conerly ("Conerly") (#369759). Conerly has been granted leave to proceed *in forma pauperis*. (Doc. 6). Conerly is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Conerly names as defendants W.S. McCain, Dr. Casey McVea, Nurse Iris Harmason, Nursing Director Sandra Sibley, and Secretary James LeBlanc. Conerly complains that he was denied adequate medical care and was subjected to retaliation.

## I. Background

Conerly alleges that he suffers from chronic back pain, for which he was prescribed and administered gabapentin. (Doc. 1, p. 6). Conerly submitted to a blood test at RLCC. The following week, Dr. McVea discontinued the gabapentin. (Doc. 1, p. 6). Conerly was informed that the medication was discontinued because it was not detected in Conerly's urinalysis. However, according to Conerly, he never submitted a urine sample, only the blood sample. (Doc. 1, p. 6).

Conerly alleges he began to experience pain within hours of the discontinuance of gabapentin. (Doc. 1, p. 7). Conerly submitted an emergency sick call, as well as multiple "formal requests" for "adequate medical treatment by Dr. McVea over the course of the following year, to no avail." (Doc. 1, p. 7). Although Conerly alleges he was deprived adequate medical care, within one month of the discontinuance of gabapentin, Conerly was prescribed Cymbalta. (Doc. 1, p. 8).

## II. Instructions to Amend

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Conerly must amend his complaint to allege deliberate indifference by each Defendant. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored

his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Conerly must amend and state when he sought and was refused medical treatment, as opposed to simply being provided an alternative medication. Conerly should state each date he submitted a proper sick call, whether he was examined each time, and what treatment he received.

Conerly also alleges that Nurse Harmason rendered medical opinions in the administrative remedy process, and "doctored" Conerly's medical records. Conerly concludes that Nurse Harmason acted in retaliation. To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Jones, 188 F.3d at 325 (citations omitted). Conerly must amend his complaint to state a plausible claim of retaliation against Nurse Harmason. Conerly

should also identify what documents were "doctored" by Nurse Harmason, and provide a copy of the altered documents.

Finally, Conerly provided a copy of the final denial of his administrative remedy. Conerly shall also provide a copy of the responses he received to his grievances at the lower levels.

III. Conclusion

**IT IS ORDERED** that Conerly amend his complaint within 30 days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 16th day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge