a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHA V. CONERLY, Plaintiff | CIVIL ACTION NO. 1:18-CV-427-P |
| VERSUS | JUDGE DEE D. DRELL |
| W. S. McCAIN, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Josha V. Conerly ("Conerly") (#369759). Conerly is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Conerly names as defendants W.S. McCain, Dr. Casey McVea, Nurse Iris Harmason, Nursing Director Sandra Sibley, and Secretary James LeBlanc. Conerly complains that he was denied adequate medical care and was subjected to retaliation.

Because Conerly fails to provide sufficient factual allegations to support his claims of deprivation of medical care and retaliation, his complaint should be denied and dismissed.

I.  Background

Conerly alleges that he suffers from chronic back pain, for which he was prescribed and administered gabapentin. (Doc. 1, p. 6). Conerly submitted to a blood test at RLCC. The following week, Dr. McVea discontinued the gabapentin. (Doc. 1, p. 6). Conerly was informed that the medication was discontinued because it was not

detected in Conerly's urinalysis. However, according to Conerly, he never submitted a urine sample, only the blood sample. (Doc. 1, p. 6).

Conerly alleges he began to experience pain within hours of the discontinuance of gabapentin. (Doc. 1, p. 7). Conerly submitted an emergency sick call, as well as multiple "formal requests" for "adequate medical treatment by Dr. McVea over the course of the following year, to no avail." (Doc. 1, p. 7). Although Conerly alleges he was deprived adequate medical care, within one month of the discontinuance of gabapentin, Conerly was prescribed Cymbalta.[1] (Doc. 1, p. 8). Conerly claims McVea was deliberately indifferent in discontinuing gabapentin and prescribing Cymbalta. He also claims Dr. McVea acted in retaliation for Conerly filing a grievance against him by refusing to see Conerly at two appointments on July 27, 2017 and November 7, 2017. (Doc. 19, p. 2).

Conerly claims Nursing Director Sandra Sibley acted with deliberate indifference by failing to help Conerly see Dr. McVea. (Doc. 19, p. 1).

Conerly alleges Warden McCain and Secretary LeBlanc acted with deliberate indifference by failing to resolve Conerly's grievance.

Conerly was provided multiple opportunities to amend his complaint, and two amended complaints have been filed.

---

[1] In his original complaint, Conerly states he was taken off of gabapentin in April 2017, and had been prescribed Cymbalta by May 2017. (Doc. 1, p. 8). In an amended complaint, Conerly claims seven months passed before he was prescribed Cymbalta. (Doc. 19, p. 1).

2

## II. Law and Analysis

### A. Conerly's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Conerly is a prisoner who has been allowed to proceed in forma pauperis. (Doc. 4). As a prisoner seeking redress from an officer or employee of a governmental entity, Conerly's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding in forma pauperis, Conerly's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

3

### B. Conerly fails to state a claim for the deprivation of medical care.

Conerly complains that his gabapentin was discontinued by Dr. McVea, who prescribed Cymbalta in its place. Conerly also alleges he was denied adequate medical care.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Conerly was instructed twice to amend his complaint to state when he sought and was refused medical treatment, as opposed to simply being provided an alternative medication. (Docs. 6, 14). In his second amended complaint, Conerly claims that, during the course of one year, Dr. McVea refused to see him on two occasions—July 27, 2017 and November 7, 2017. (Doc. 19, p. 2). In a prior amended complaint, Conerly states that he had sick calls on April 12, July 12, July 31, November 15, and December 4, 2017, and April 28, May 2, and June 5, 2018. (Doc. 13). Because Conerly received consistent medical care, he cannot show that his

requests for medical treatment have been ignored. Conerly has not received the medical care or medication he desires, and he clearly disagrees with Dr. McVea's decision to prescribe Cymbalta instead of gabapentin. However, a prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Conerly claims Dr. McVea acted in retaliation for Conerly filing a grievance against him. Filing a grievance is a constitutionally protected activity, and a prison official may not retaliate against a prisoner for engaging in a protected activity. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). To state a retaliation claim, a prisoner must "produce direct evidence of motivation," or "allege a chronology of events from which retaliation may plausibly be inferred." Id. at 1166 (internal quotation marks and citations omitted). Conerly's conclusory allegations that he was denied medical care in retaliation is not supported by his own pleadings, which reflect that he received sick calls on April 12, July 12, July 31, November 15, and December 4, 2017, and April 28, May 2, and June 5, 2018. (Doc. 13). Moreover, Conerly's main complaint—that Dr. McVea discontinued gabapentin—occurred prior to Conerly filing a grievance. Thus, the medication change could not have been retaliatory. Conerly alleges no more than his personal belief that he is the victim of retaliation. See Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).

Conerly claims Nursing Director Sandra Sibley acted with deliberate indifference by failing to help Conerly see Dr. McVea. (Doc. 19, p. 1). Like Dr. McVea, Conerly has not alleged that Defendant Sibley refused to treat Conerly, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs. See Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Conerly alleges Warden McCain and Secretary LeBlanc acted with deliberate indifference by failing to resolve Conerly's complaint. A prisoner does not have a constitutional right to have a grievance resolved to his satisfaction. See, 404 F.3d 371, 374–75 (5th Cir. 2005).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Conerly's § 1983 complaint be DENIED and DISMISSED, with prejudice, under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection

to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge